Marguerite Rosemond FUERST,
Appellant,

v.

METHODIST HOSPITAL SOUTH,
Appellee.

Supreme Court of Tennessee.

Jan. 9, 1978.

Frank C. Byrd, Wayne Chastain, Jr., Memphis, for appellant.

Armistead F. Clay and Fred Acuff, Jr., Pittman, Clay, Morgan, Gilliland & Saunders, Memphis, for appellee.

## OPINION

COOPER, Justice.

This cause is before us on appeal from the trial judge's dismissal of the plaintiff's action as being barred by the statute of limitations.

On July 22, 1975, the plaintiff, Marguerite Fuerst, filed a complaint in which she alleged, in substance, that she formerly had been employed as a nurse by the defendant, Methodist Hospital, that on April 2, 1974, she was discharged by the defendant on the basis of an unfounded complaint made against her by a patient at the hospital, and that this discharge was an unlawful termination of her contract of employment. In its answer, the defendant admitted that the plaintiff had been employed by it and then discharged, but denied that the discharge was improper.

On June 17, 1976, the defendant filed a motion for judgment on the pleadings, asserting *inter alia* that the plaintiff had failed to state a claim for relief. In his order overruling the motion, the trial judge stated that he was "of [the] opinion" that the plaintiff's contract was terminable at will and that the plaintiff, therefore, could not establish a claim for breach of contract, but that he was nevertheless denying the motion to dismiss because the complaint might also be read to state a cause of action in tort.

Thereafter, the defendant moved to amend its answer to assert that the plaintiff's claim had been brought more than one year after her cause of action had accrued, and thus was barred by the statute of limitations applicable to tort actions. The trial judge granted the defendant's motion to amend, and dismissed the case sua sponte.

The plaintiff claims that the trial court was in error both in permitting the defendant to amend his answer so as to assert the statute of limitations as a defense, and in dismissing the action sua sponte on that ground, thus implicitly holding that the plaintiff had failed to state a claim for breach of contract.

■ Amendments to the pleadings are governed by Tenn.R.Civ.P. 15.01, which provides in pertinent part that

[a] party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, he may so amend it at any time within 15 days after it is served. Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires. . . .

Here, the defendant attempted to raise an affirmative defense by an amendment to his answer. As he made this motion more than fifteen days after the answer had been filed, he could not do so as a matter of right. However, under rule 15.01 he could do so if given leave to amend by the court. *See* 5 Wright & Miller, Federal Practice & Procedure § 1278. The trial court, in its discretion, granted the defendant's motion. In light of the language of the rule that "leave [to amend] shall be freely given," it cannot be said that the plaintiff has shown that the trial court's action constituted an abuse of discretion. Therefore, the action of the trial court permitting the defendant to amend its answer is affirmed.

In dismissing the plaintiff's action as being barred by the one year statute of limitations applicable to tort actions, the trial judge also implicitly held that the plaintiff had failed to state a claim for relief for breach of contract.

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In making this judgment, the court should construe the complaint liberally in favor of

the plaintiff. *Holloway v. Putnam County,* 534 S.W.2d 292 (Tenn.1976).

The trial judge appears to have based his ruling, in part, on his opinion that the employment in question was terminable at will, with the result that the discharge of the plaintiff by the defendant was not a breach of contract. It should be noted, however, that there is as yet nothing in the record from which it can be determined as a matter of law that the plaintiff's employment was "terminable at will." Therefore, a finding that the defendant's actions did not constitute a breach of contract is premature.

■ In her complaint, the plaintiff has alleged her employment by the defendant, her discharge and the facts surrounding it, and that this discharge constituted a breach of a contract of employment. This is a sufficient statement of the nature of her claim to withstand a motion to dismiss.

Accordingly, the action of the trial court dismissing the plaintiff's cause of action is reversed, and the case remanded for further proceedings not inconsistent with this opinion. Costs attendant the appeal will be taxed to the defendant.

FONES, HENRY, BROCK and HARBISON, JJ., concur.