# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

STATE OF TENNESSEE, EX REL )
ROBERT F. SMITH, COMMR., DEPT. )
OF HIGHWAYS, FOR AND ON )
BEHALF OF SAID DEPARTMENT, )
                       )
        Petitioner/Appellee, ) **Shelby Chancery No. 74742-3 R.D.**
                       )
VS. ) **Appeal No. 02A01-9507-CH-00161**
                       )
C. W. SIMPSON, a/k/a )
CHARLIE SIMPSON, JR., )
                       )
       Defendant/Appellant. )

**FILED**

**August 8, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE D. J. ALISSANDRATOS, CHANCELLOR

**THOMAS E. HANSOM**
Memphis, Tennessee
Attorney for Defendant/Appellant

**CHARLES W. BURSON**
**Attorney General & Reporter**
**MICHAEL E. MOORE**
**Solicitor General**
Nashville, Tennessee

**LARRY M. TEAGUE**
**Senior Counsel for the Attorney General**
**CAROLYN PIPHUS**
**Assistant Attorney General**
Jackson, Tennessee
Attorneys for Petitioner/Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

       The Court below held defendant in civil contempt for violating a permanent

injunction that prohibited him from obstructing the right-of-way on a state highway. Defendant has appealed and takes issue with the trial court's denial of his motion to dismiss and with the sufficiency of the judgment. We have determined that the record supports the trial court's finding of civil contempt and, therefore, we affirm.

In 1971, the State of Tennessee, ex rel. Robert F. Smith, Commissioner of the Department of Highways, filed a complaint, seeking to enjoin the defendant from obstructing the public right of way near his automobile junk yard on Highway 70 in Arlington, Tennessee. The state alleged that defendant had repeatedly placed automobiles and piles of gravel on the right-of-way, resulting in a safety hazard to individuals driving their vehicles on the highway. On April 21, 1971, the chancellor issued a permanent injunction, which provided:

> [I]t appears to the Court that a preliminary injunction should be granted in accordance with the prayer contained in the original complaint and in accordance with the opinion rendered orally by the Court at the end of the hearing held on April 8, 1971, a transcript of which has been filed in this cause and is herein incorporated by reference in this decree the same as if copied herein verbatim.
> That and by consent, the injunction may be made permanent eliminating the necessity for further hearings on this matter.
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that a permanent injunction issue so as to prohibit and restrain the defendant from obstructing or allowing any of its agents, servants or employees to obstruct the right-of-way of the complainant, the State of Tennessee, said right-of-way being described in the original complaint filed in this cause and being that property between the screening fence erected on both sides of U.S. Highway 70 by the complainant and the paved portion of said highway bordering on defendant's property or that of any other person when used by the defendant in the conduct of his business, or to place obstacles of any kind thereon, whether they be automobiles, operational or nonoperational, or otherwise.
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, his agents, servants or employees or customers, shall be permitted at all times to have reasonable ingress and egress to and from the property in question, or for the purpose of stopping for short periods of time for said purposes of ingress or egress, or for the conducting of his business.

In 1994, the state filed a petition, alleging that defendant had repeatedly used the highway right-of-way for storage of junked cars and parts, had caused a potential hazard

2

to motorists by loading crushed junk into a hauler parked at the edge of the road, and had blocked entrances to the junkyard, all in violation of the 1971 injunction. The trial court issued a writ of *scire facias*, compelling the defendant to show cause why he should not be adjudged in contempt of court for violating the court's previous order. Defendant moved to dismiss the state's petition, arguing that the chancellor's written order in the original injunction proceeding was incomplete because the chancellor had rendered an oral opinion setting forth the complete circumstances under which defendant could operate his business. Neither party was able to locate the transcript of the original hearing. According to defendant, the transcript from the 1971 hearing would have shown that the chancellor orally ruled that defendant would be afforded 72 hours to remove any vehicles that were placed along the right-of-way. The court below denied defendant's motion.

At the trial in the present action, the chancellor limited the hearing to two issues: (1) whether defendant blocked lanes of traffic by loading and unloading vehicles at his business, and (2) whether defendant placed vehicles in the right-of-way for longer than 72 hours. The state conceded *arguendo* that the transcript would have allowed defendant 72 hours to move materials placed in the right-of-way. However, the state argued that the alleged 72-hour provision was irrelevant because defendant had left materials in the right-of-way for periods longer than 72 hours.

Joe King of the state department of transportation was the sole witness on behalf of the state. King testified that he had received complaints from the City of Arlington regarding defendant's junkyard. When King went to the junkyard, he saw "crushed cars, just about everything you can name sitting alongside the state right of way. Some was encroaching within six inches or even better of the pavement...." King testified that to his knowledge, defendant had not allowed the *same* vehicles to be stored on the right-of-way for more than 72 hours. However, King stated that he had seen junk, such as pipes and iron, located in the state's right-of-way for as much as a week at a time. He also testified that defendant loaded and unloaded trucks from the paved lanes of the highway.

Defendant testified on his own behalf. He denied that he had ever loaded or unloaded material from the highway and denied that he had left any materials on the right-of-way for more than 72 hours.

At the conclusion of the parties' proof, the chancellor orally ruled as follows:

> The Court finds that the plaintiffs have carried the burden of proof by clear and convincing proof, that indeed types--angle iron, scrap iron and other junk and debris were on the right of way for a period in excess of 72 hours. Even if it is one that is replaced by another, it's a violation in this Court's opinion....Plus the photographs show a dumpster, which Mr. King testified and the Court finds creditable, was there for over 72 hours and always full....The Court finds by clear and convincing proof that the State has carried its burden of proof with regard to the traffic lanes being tide [sic] up....The Court has to evaluate the credibility of Mr. King...I find nothing in Mr. King to show that he has done anything but telling it the way he honestly recalls it. And when he does not recall it clearly, he says so....The Court deems it appropriate to modify its injunction under the circumstances so there won't be any misunderstanding....Mr. Simpson,...[y]ou will put zero items neither for loading nor unloading, storing, etc. in any way, shape, form or fashion....[T]hey'll [sic] be zero stuff loaded, unloaded, stored in any fashion in front of those fences for so much as one minute...Yes, you're entitled to get your fork lift, frontloader...across the street back and forth in a safe prompt fashion...not stopping once you get off the shoulder on the right of way....You may continue to block the entrance with vehicles using them have as a temporary gate only over night.

Accordingly, the chancellor held the defendant in contempt of the 1971 injunction.

Defendant argues on appeal that the judgment below should be reversed. First, he contends, the trial court erred in denying his motion to dismiss because there was no way to determine whether defendant was in contempt of the 1971 order due to the fact that the transcript was missing. Without the missing transcript, he argues, the trial court could not determine what conduct was permitted or forbidden. We disagree.

A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted admits the truth of the averments contained in the complaint, but asserts that those facts do not constitute a cause of action. Cornpropst v. Sloan, 528 S.W.2d 188 (Tenn. 1975). A complaint should not be dismissed under this rule "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would

4

entitle him to relief." Fuerst v. Methodist Hosp. South, 566 S.W.2d 847, 848 (Tenn. 1977)(quoting Conley v. Gibson, 355 U.S. 41 (1957)). When reviewing a complaint under Rule 12.02(6), this court must take all material factual allegations as true, and construe the complaint liberally in favor of the plaintiff. Dobbs v. Guenther, 846 S.W.2d 270, 273 (Tenn. App. 1992).

The state brought the present action alleging that defendant violated the 1971 injunction by obstructing the state's right of way. The written 1971 order explicitly prohibits defendant from obstructing the state's right-of-way. Construing the complaint liberally in favor of the state, we cannot say that the trial court's denial of defendant's motion to dismiss for failure to state a claim constituted error.

In addition, we do not find the language of the 1971 order to be so ambiguous or incomplete as to be unenforceable. "An ambiguous judgment should be construed as a whole so as, if possible, to give effect to all parts thereof and to effectuate the intent and purpose of the court." 49 C.J.S. Judgments §436, p. 862. "It is the spirit and not the mere letter of the injunction that must be obeyed ... thus, if the phraseology of the writ be inartificial and obscure, but its spirit and intent be manifest, the party will not be excused for its violation." Blair v. Nelson, 67 Tenn. 1, 5 (1874). We think the record shows that defendant knew what was required of him and was on notice that his conduct violated the court's order.

Defendant next contends that the evidence adduced at trial does not support the chancellor's finding that he violated the 1971 injunction.

Determining and dealing with contempt lies within the sound discretion of the court. Robinson v. Air Draulics Engineering Co., 377 S.W.2d 908, 912 (Tenn. 1964). Absent a showing of an abuse of that discretion, the decision of the trial court will not be reversed upon appeal. As this case was tried without a jury, this court's review of the trial court's factual findings is *de novo* upon the record, accompanied by a presumption of correctness.

5

T.R.A.P. 13(d). Unless the evidence preponderates against these findings, or there exists an error of law, we must affirm. T.R.A.P. 13(d). From our review of the record, we are of the opinion that the evidence does not preponderate against the chancellor's factual findings. Similarly, we find no indication of any abuse of discretion in connection with the trial court's decision to enter a contempt order.

Accordingly, the judgment of the trial court is affirmed. Costs on appeal are taxed to defendant.

_____HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.

6