IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

**JEREMY PARENT, A Minor, b/n/f**
**Parents, and Guardians MARTIN**
**PARENT and JUDITH PARENT,**

    Plaintiff-Appellant,                  Tennessee Claims Commission
                                          No. 97001870

Vs.

                                          C.A. No. 01A01-9702-BC-00055

**STATE OF TENNESSEE,**

    Defendant-Appellee.
_____

FROM THE TENNESSEE CLAIMS COMMISSION
THE HONORABLE W. R. BAKER, COMMISSIONER

Michael A. Kent; Cleary & Lockett, P.C. of Chattanooga
For Plaintiff-Appellant

John Knox Walkup, Attorney General and Reporter
Mary M. Bers, Assistant Attorney General
David T. Whitefield, Senior Counsel
For Defendant-Appellee

*VACATED AND REMANDED*

Opinion filed:



**FILED**

**September 17, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

       This is an appeal of a Tennessee Claims Commission case. Plaintiffs, Jeremy Parent, a

minor, by his next friend, and his parents Martin Parent and Judith Parent (the Parents), appeal

the order of the Tennessee Claims Commission (Commission) granting the State of Tennessee's

motion to dismiss the notice of claim for failure to state a claim upon which relief can be granted.

T.C.A. § 9-8-307(a)(1)(C)(Supp. 1996) provides:

> **9-8-307. Jurisdiction - Claims - Waiver of actions - Standard for tort liability - Damages - Immunities - Definitions - Transfer of claims. -** (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories:
>
> \* \* \*
>
> (C) Negligently created or maintained dangerous conditions on state controlled real property. The claimant under this subsection must establish the foreseeability of the risks and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures . . . .

The State's liability "shall be based on the traditional tort concepts of duty and the reasonable prudent person's standard of care." T.C.A. § 9-8-307(c) (Supp. 1996).

Claims commission proceedings are conducted pursuant to the Tennessee Rules of Civil Procedure. T.C.A. § 9-8-403 (a)(1)(1992). In reviewing an appeal from an order dismissing a suit for failure to state a claim upon which relief can be granted, we are limited to the allegations in the complaint and must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975). In *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847 (Tenn. 1978), the Court quoted with approval the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957), as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."

2

*Fuerst*, 566 S.W.2d at 848 (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102-03).

To prevail in a suit for negligence, a plaintiff must prove the following: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) injury; (4) causation in fact; and (5) proximate causation. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993).

The Parents, residents of Inlet, New York, allege in their notice of claim that on April 8, 1996, they were vacationing in Tennessee and visiting Tims Ford State Park in Franklin County. The claim avers that Jeremy, then seven years of age, was riding his bicycle on a paved bicycle trail at the park when he came to a steep hill with a sharp curve at the bottom. There was no warning sign or other notice of the steep hill or sharp curve and because of the dangerous condition of the premises, Jeremy was unable to negotiate the turn and was thrown from his bicycle into a creek bed sustaining serious injuries. The claim alleges that the State was negligent in creating and maintaining a dangerous condition, that the State had actual or constructive knowledge of the condition, and that the State knew or should have known of the foreseeability of the risk to patrons of the park. The claim alleges that the Parents suffered losses, injuries, and damages in the amount of $125,000.00. On November 5, 1996, the State filed a motion to dismiss the case, pursuant to Tenn. R. Civ. P. 12.02(6), for failure to state a claim upon which relief may be granted. In its motion, the State asserts that T.C.A. § 70-7-101 *et seq.* shields landowners from negligence claims related to their property if the property is made available for free recreational use, such as in this case. On November 20, 1996, the Parents filed their response to the State's motion to dismiss. In their response, the Parents assert that T.C.A. § 70-7-101 *et seq.* has no application to this case and does not require a dismissal of the action. On December 4, 1996, the State filed a reply to the Parents' response to its motion to dismiss. In an order dated December 12, 1996, the Commissioner granted the State's motion and dismissed the Parents' claim.

The Parents appeal the judgment of the Commissioner and present the following issues for review, as stated in their brief:

> (1) Did the Commissioner err in granting the Motion to Dismiss filed by the State of Tennessee where issues of fact existed which might affect application of T.C.A. § 70-7-101, *et seq.*?

3

(2) Did the Commissioner err in his interpretation of the application of T.C.A. § 70-7-101, *et seq.*, to the facts alleged in the Complaint?

This is a direct appeal from the Tennessee Claims Commission and is governed by the Tennessee Rules of Appellate Procedure. T.C.A. § 9-8-401(a)(1) (1992).

From our review of the Parents' notice of claim, we find that the Parents have stated a claim for relief as provided for in T.C.A. § 9-8-307(a)(1)(C). The State, while relying on the provisions of T.C.A. § 70-7-101 *et seq.* as an absolute defense, has presented no proof that the statute should apply in light of the statutory exceptions contained therein. Although the facts may turn out to warrant the application of the exculpatory provisions of the statute, we cannot on a Rule 12.02(6) motion assume that none of the exceptions apply.

Accordingly, the order of the Commissioner dismissing the claim is vacated, and the case is remanded to the Commission for such further proceedings as may be necessary. Costs of this appeal are assessed against the State.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**

4