IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
On-Brief May 29, 2007

## CASSANDRA ROGERS v. STATE OF TENNESSEE

**A Direct Appeal from the Tennessee Claims Commission**
No. T20060980      The Honorable Stephanie R. Reevers, Claims Commissioner

No. M2006-2353-COA-R3-CV - Filed on August 2, 2007

Following a car accident, Claimant/Appellant filed a Complaint with the Tennessee Claims Commission.  The Complaint stated that Claimant/Appellant did not have sufficient facts to state definitively a claim for negligence against a Tennessee State Trooper.  The State filed a motion to dismiss, which the Commission granted.  Claimant/Appellant appeals.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Claims Commission Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

R. Steven Waldron of Murfreesboro, Tennessee For Appellant, Cassandra Roberts

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Dawn Jordan, Assistant Attorney General for Appellee, State of Tennessee

### OPINION

On January 14, 2006, Cassandra Rogers ("Claimant," or "Appellant") was involved in a car accident in Sumner County, Tennessee.  On February 13, 2006, Ms. Rogers filed a "Written Notice of Claim" with the Claims Commission for the State of Tennessee ("State,"or "Appellee").  In her Notice, Ms. Rogers indicates that she was driving the third of five vehicles all traveling in the same direction.  According to the Notice, Tennessee Highway Patrolman, John A. Grinder, who was driving a State patrol car, made a U-turn in front of the line of five vehicles, which U-turn prompted the other vehicles to slow down quickly.  The fifth vehicle in the line of cars was a tractor-trailer.  The tractor-trailer allegedly struck vehicle number four, which vehicle knocked into the rear of Ms. Rogers' vehicle, thereby causing her injuries.  In her Notice, Ms. Rogers states that she "is not, at this point in time, alleging proximate negligence as to Trooper Grinder but she is providing notice that such a claim may be asserted once more of the facts pertaining to the causation of the accident

and ultimate nature of her injuries are known." On May 15, 2006, a "Notice of Transfer from Division of Claims Administration" was filed by the Director of the Claims Division.

On June 21, 2006, Ms. Rogers filed a Complaint with the Claims Commission, which Complaint reads, in relevant part, as follows:

>Comes now the Claimant and as facts in support of her claim would show unto the Claims Commission as follows:
>
>\*               \*               \*
>
>2. Claimant suffered personal injuries in a vehicular accident occurring in Sumner County, Tennessee at approximately 2:00 p.m. on January 14, 2006 while she was traveling on Nashville Pike. Claimant's vehicle was the third of five vehicles all traveling in the same direction. Tennessee Highway Patrolman, John A. Grinder, while operating a patrol unit, made a U-turn which prompted the other vehicles to slow down quickly. Gabriel V. Deal, while operating a tractor-trailer rig owned by D & E Transportation, struck a vehicle, operated by Meridyth D. Driskill which then struck Claimant's vehicle, causing her injuries.
>
>3. Claimant suffered a broken nose for which she has been surgically treated. The full amount of her medical expenses is not yet known but will be provided upon request.
>
>4. Claimant is not, at this point in time, alleging proximate negligence as to Trooper Grinder but she is providing notice that such a claim may be asserted once more of the facts pertaining to the causation of the accident and ultimate nature of her injuries are known.
>
>5. The Tennessee Highway Patrol officer, while acting as a State agent, may have committed proximate negligence in conjunction with the negligence of Gabriel V. Deal, driver of truck, while acting as the agent of D & E Transportation, which is the primary if not the sole cause of the accident at issue.

On June 20, 2006, the State filed a "Motion to Dismiss" the Complaint, which Motion asserts that Ms. Rogers has failed to state a claim upon which relief can be granted and that her Complaint should be dismissed pursuant to Tenn. R. Civ. P. 12.02(6). Specifically, the State cites paragraph four of the complaint, *supra*, and asserts that this paragraph "clearly does not state a claim against the [State]. In fact, this [paragraph] indicates that there is not a claim against the [State]." On or

about August 25, 2006, Ms. Rogers filed a Response to the Motion to Dismiss. In her Response, Ms. Rogers contends that her Complaint should not be dismissed and specifically asserts that:

> 3. A claims representative from Great American Insurance Group on behalf of their insured, Gabriel Dea[l], believed by Claimant and her counsel to be solely or partially at fault has indicated it will assert that Trooper Grinder was negligent and that his negligence played a causative role in the motor vehicle accident.
>
> 4. Given that the potential Defendant in the Sumner Circuit action that will be filed if this claim is not settled, has alleged that Trooper Grinder was guilty of negligence, Claimant was obligated to filed a claim against the State of Tennessee in the instant action so that if any fault is assigned by the ultimate fact finder to Trooper Grinder, Plaintiff's recovery is not diminished.
>
> *                               *                               *
>
> 7. Claimant's counsel maintains that he should be afforded an opportunity to conduct discovery of all parties, including the State of Tennessee.
>
> 8. At the conclusion of discovery, if the State believes it should be dismissed, it would file a Motion for Summary Judgment. Should that Motion be granted, Claimant would then be protected from having the Defendant in the Sumner Circuit action thereafter claim that Trooper Grinder and the State of Tennessee are at fault and/or responsible for part of the damages to which Claimant is entitled.
>
> 9. At this stage in the proceedings, Claimant's counsel cannot make the allegation in all candor that Trooper Grinder is guilty of proximate negligence. Perhaps that allegation will be proper at the conclusion of discovery.
>
> *                               *                               *
>
> 11. The approach suggested by the State's Motion to Dismiss places Claimant and her counsel in an untenable position. They must either allege fault without having sufficient basis to be certain of that allegation or run the risk of having a future Defendant, who clearly has some fault in the causation of the accident, be relieved of some portion of his/her liability by making the allegation that a State agent was negligent.

On September 25, 2006, the Claims Commission filed an "Order of Dismissal," which Order reads, in pertinent part, as follows:

> Claimant does not allege that her injuries were proximately caused by the trooper's negligence, but rather states that "she is providing notice that such a claim may be asserted once more facts pertaining to the causation of the accident and ultimate nature of her injuries are known."
>
> *                                    *                                    *
>
> Claimant's allegations regarding a potential claim that "may be asserted once more of the facts pertaining to the causation of the accident and ultimate nature of her injuries are known" fail to either show that the claimant is entitled to relief or to demand that relief be awarded.
>
> Therefore, the Commission finds that the motion to dismiss for failure to state a claim should be granted and this matter is respectfully dismissed.

Ms. Rogers appeals and raises one issue for review as stated in her brief:

> Whether the Claims Commission committed reversible error by granting the State of Tennessee's Tenn. R. Civ. P. 12.02(6) Motion to Dismiss?

Appeals from the Tennessee Claims Commission are reviewed *de novo* upon the record with a presumption of correctness of the findings of fact by the Commission. *Sanders v. State*, 783 S.W.2d 948, 951 (Tenn. Ct. App.1989); Tenn. R. App. P. 13(d). No such presumption attaches to the Commission's conclusions of law. Tenn. R. App. P. 13(d).

A motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and thus is a test of the sufficiency of the leading pleading. *See Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn.1975). The motion admits the truth of all relevant and material averments in the complaint but asserts that the statements do not constitute a cause of action. *See id.* at 190. In considering whether to dismiss a complaint for failure to state a claim, the court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *See Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn.1975). A complaint should not be dismissed upon such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn.1978). Obviously, we are limited to an examination of the complaint alone, thus the factual material in the opinion is taken solely from the complaint.

The State's potential liability in cases of this nature is set forth in T.C.A. § 9-8-307(a)(1) (A-V) (Supp. 2006). Specifically, T.C.A. § 9-8-307(a)(1)(A) allows for recovery against the State for negligent operation of a motor vehicle and reads:

> The negligent operation or maintenance of any motor vehicle or any other land, air, or sea conveyance. In addition, the state may be held liable pursuant to this subdivision for the negligent operation of state-owned motor vehicles or other conveyances by persons who are not state employees; provided, that such persons operated the vehicle or other conveyance with the permission of a state employee....

T.C.A. § 9-8-307(c) (Supp. 2006) provides that "[t]he determination of the state's liability in tort shall be based on the traditional tort concepts of duty and the reasonably prudent person's standard of care." Consequently, in order to maintain this negligence cause of action, Ms. Rogers must establish the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn.1993) (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn.1991); *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 858 (Tenn.1985)).

Furthermore, Tenn. R. Civ. P 8.01 sets forth the minimum requirements that must be contained in a pleading in order to state a claim for relief. That pleading must contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." Although great specificity in the pleading is not ordinarily required to survive a motion to dismiss, the complaint must, nonetheless, meet the minimal requirements of Tenn. R. Civ. P. 8.01 by setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g., Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002).

In the instant case, Ms. Rogers asserts, *inter alia*, that, at present, she does not have sufficient facts to know whether the State was negligent. Consequently, she contends that the instant claim is necessary to preserve her action against the State, and that same must be filed within ninety days. T.C.A. § 9-8-402(b) (Supp. 2006) requires a claimant to give notice of his or her claim "within the statutes of limitations applicable by the courts for similar occurrences from which the claim arises." Here, Ms. Rogers' claim is for personal injuries, which claim is governed by T.C.A. § 28-3-104. That statute provides that all personal injury actions must be brought within one year from the date of accrual. Furthermore, T.C.A. § 20-1-119 (Supp. 2006) permits an action to be filed outside the applicable statute of limitations in cases where original defendants assert comparative fault against a non-party. In that case, a plaintiff may file an amended complaint or a new lawsuit "within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault." T.C.A. § 20-1-119(a). This Court has interpreted this statute liberally and has allowed amendments to be made pursuant to T.C.A. § 20-1-119(a) regardless of whether the other person(s) who might

be liable for the plaintiff's injuries is known to the plaintiff prior to the filing of the original complaint. ***See, e.g., Townes v. Sunbean Oster***, 50 S.W.3d 446, 453 (Tenn. Ct. App. 2001). Consequently, Ms. Rogers' argument regarding preservation of her claim against the State is untenable.

Turning to the Complaint in this case, we conclude that it does not satisfy the requirements of Tenn. R. Civ. P. 8.01, nor is the pleading sufficient to state a claim for negligence against the State. As set out above, the Complaint avers that "a claim may be asserted" and that Trooper Grinder "may have committed proximate negligence." In short, Ms. Rogers' Complaint states that she is not making a claim at this time. We agree.

For the foregoing reasons, we affirm the Commission's dismissal of Ms. Roger's claim. Costs of this appeal are assessed against the Appellant, Cassandra Rogers, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.