IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 6, 2010 Session

## LEONARD PORTER, JR. ET AL. v. CITY OF CLARKSVILLE ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. MCCC-CVCMC-08-1157     Ross H. Hicks, Judge**

_____

**No. M2009-00884-COA-R3-CV - Filed January 25, 2010**

_____

This action arises from the issuance of stop work orders that prevented the plaintiffs from completing the construction of their new residence. The plaintiffs brought this action against the City of Clarksville and the Clarksville Building and Codes Department under the Governmental Tort Liability Act (GTLA) asserting numerous and varied claims, including claims for false statements, fraud, deception, conspiracy, discrimination, malicious harassment, coercion, and violation of due process, and requested financial damages, emotional damages, and punitive damages. The defendants filed a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss on the grounds that the action was a de facto appeal of the administrative hearing on the stop work orders and that the defendants were immune under the GTLA. The trial court granted the motion to dismiss finding that the plaintiffs failed to state a claim upon which relief could be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and RICHARD H. DINKINS JJ., joined.

Theolana D. Porter and Leonard Porter, Jr., Clarksville, Tennessee, Pro Se.

David J. Silvus and Rebecca J. Garman, Clarksville, Tennessee, for the appellee, City of Clarksville, Clarksville Building and Codes Department.

### OPINION

This action arises from the issuance of two stop workers requiring the plaintiff, Leonard Porter, to cease work on the construction of a residential home that Mr. Porter was building for his family within the city limits of Clarksville, Tennessee.

Although Mr. Porter was not a licensed contractor and had little experience building homes, Mr. Porter was functioning as his own contractor and was personally performing much of the labor on the construction of his home. It was during the construction of the floor for the structure that Mr. Porter contacted the Clarksville Building and Codes Department and requested a courtesy inspection. On April 11, 2008, two inspectors from the Codes Department visited the construction site and noted numerous problems. Four days later, on April 15, 2008, Inspector Ferris met with Mr. Porter to discuss the deficiencies, and on that same day, a stop work order was issued. The stop work order stated that Mr. Porter would need to hire a structural engineer to list the various deficiencies for repair. Believing the Codes Inspector should identify the deficiencies, Mr. Porter requested a list of the deficiencies from the Codes Department; however, one was not provided.

After a second stop work order was issued to Mr. Porter on April 17, 2008, Mr. Porter contacted the Director of the Codes Department, Jim Pillow, to discuss the matter. Mr. Pillow informed Mr. Porter that he could appeal the stop work orders. Mr. Porter requested an appeal by letter dated May 12, 2008. The appeal was heard on May 29, 2008. The appeals board upheld the stop work orders and denied Mr. Porter's appeal. Following a request by Mr. Porter, he was provided with a letter, dated June 4, 2008, from the Codes Department's Deputy Director, Les Crocker, stating that the Board had upheld the stop work orders. Mr. Porter picked up the letter from Deputy Director Crocker, along with a second letter by Director Pillow, on June 6, 2008. The letter from Director Pillow was entitled a "Detailed List of Deficiencies at Lot 566 Arbour Green South." The letter listed some of the deficiencies with the construction, but also stated that it was "by no means a comprehensive list of code violations," and further instructed that the advice of a structural engineer should be obtained and that a letter outlining the required repairs should be provided to the Department in order to lift the stop work orders. In his complaint, Plaintiffs allege that this letter and the letter from Deputy Director Crocker were picked up from the Codes Department by Mr. Porter on June 6, 2008. Thereafter, Mr. Porter had another conversation with Director Pillow, who informed him that a local contractor, as opposed to a structural engineer, could be hired to list the deficiencies. Mr. Porter did not hire a contractor or structural engineer, and the construction of his new residence remained at a standstill.

On September 25, 2008, Mr. Porter, his wife, and their minor children filed this action against the City of Clarksville and the Clarksville Building and Codes Department (hereinafter "the City"). A revised complaint was filed on October 15, 2008, adding claims for punitive and emotional damages. On January 13, 2009, Plaintiffs filed an Amended & Substituted Complaint for damages and for "failure to enforce adopted building code policies, investigate the issuance of fraudulent documents, correct discriminatory actions, negligence, malicious harassment, and criminal conspiracy." Plaintiffs also sought financial damages for the deterioration of the property and construction materials, emotional damages,

and punitive damages. On February 11, 2009, the City filed a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss contending this action was a de facto appeal of a decision by an administrative board, that Plaintiffs had not followed the proper procedure to appeal that decision and, therefore, the action should be dismissed. The City also argued that it was immune under the Governmental Tort Liability Act. On March 9, 2009, following a hearing on the motion to dismiss, the trial court dismissed this action. Plaintiffs filed a timely appeal.

STANDARD OF REVIEW

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint. It does not challenge the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. (emphasis added) *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

**ANALYSIS**

Plaintiffs contend that immunity was removed pursuant to Tenn. Code Ann. § 29-20-205, which removes immunity for injuries proximately caused by a negligent act or omission of any government employee within the scope of his employment, and that the City is liable for the negligent acts or omissions of the City's employees for their failure to comply with City of Clarksville Codes and International Residential Building Codes. Conversely, the City contends that the alleged negligent acts and omissions of its employees fall within the purview of Tenn. Code Ann. § 29-20-205(1)-(3) and therefore immunity is not removed.

The Tennessee Governmental Tort Liability Act codifies the general common law rule that "'all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities,' Tenn. Code Ann. § 29-20-201(a), subject to statutory exceptions in the Act's provisions." *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d

73, 79 (Tenn. 2001). Immunity is removed under certain situations, one of which is enumerated under Tenn. Code Ann. § 29-20-205, as Plaintiffs cite to, for negligent acts or omissions of government employees acting within the scope of their employment.

Tenn. Code Ann. § 29-20-205 also provides situations under which immunity is not removed, including "the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, *order* or similar authorization." Tenn. Code Ann. § 29-20-205(3) (emphasis added). The City contends the acts and omissions at issue fall within this provision of the statute, and, thus immunity has not been removed. We agree.[1]

Our Supreme Court recognized that immunity is not removed for the failure to issue a building permit in *Paduch v. City of Johnson City*, 896 S.W.2d 767, 768 (Tenn. 1995). In this action, the Codes Department issued a "stop work" order on the construction to which a building permit had previously been obtained. If a City retains immunity for the failure to issue a building permit, it also retains immunity for the issuance of an "order" to cease construction under a building permit.[2] The City's actions fall under Tenn. Code Ann. § 29-20-205(3) as the "issuance" of an "order." Accordingly, the City has immunity and Plaintiffs have failed to state a claim upon which relief can be granted against the City.[3]

---

[1]The City also contended that its actions fall within Tennessee Code Annotated section 29-20-205(1) as a discretionary function and section 29-20-205(4), which addresses failures to make inspections or negligent or inadequate inspections. We believe the most applicable is Tennessee Code Annotated section 29-20-205(3), and is dispositive of this appeal; therefore, it is not necessary that we address the other provisions.

[2]In their brief, Plaintiffs raise the issue of the special duty doctrine, however, as this issue was raised for the first time on appeal, we shall not address it. *See Hill v. Moncier*, 122 S.W.3d 797, 792 (Tenn. Ct. App. 2003).

[3]Plaintiffs also contend that the City committed fraud, deception, conspiracy, discrimination, malicious harassment, coercion, and made false statements. For these claims, the City also retains immunity. Tenn. Code Ann. § 29-20-205(2) specifically states that immunity is retained for claims arising from "false imprisonment pursuant to a mittimus from a court, false arrest, *malicious prosecution*, intentional trespass, *abuse of process*, libel, slander, *deceit*, interference with contract rights, *infliction of mental anguish*, invasion of right of privacy, or civil rights."

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the plaintiffs.

_____
FRANK G. CLEMENT, JR., JUDGE