Royce T. SMITH, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

FIRST UNION NATIONAL BANK OF TENNESSEE, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section.

May 28, 1997.

Permission to Appeal Denied by Supreme Court Nov. 24, 1997.

Gordon Ball, Knoxville, J. Kenneth Porter, Newport, for Plaintiffs–Appellants.

William S. Lockett, Jr., Kennerly, Montgomery & Finley, P.C., Knoxville, Carl N. Patterson, Jr., Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., Raleigh, NC, for Defendant–Appellee.

*OPINION*

McMURRAY, Judge.

Royce T. Smith (plaintiff) filed this action against First Union National Bank of Tennessee (bank) ostensibly as a class action.[1] In his complaint the plaintiff seeks damages for what is alleged to be unfair, deceptive and unlawful practices of the bank in the way and manner it handles multiple checks drawn on the plaintiff's checking account and presented for payment on the same banking day when the aggregate of the checks exceeds the balance in the plaintiff's account. Specifically, the plaintiff asserts that the bank honors checks in such a fashion as to maximize the fees charged by the bank for checks returned for insufficient funds. The basic premise of the plaintiff is that the plaintiff honors the largest check (in amount) first rather than honoring the checks in a way that maximizes the number of checks that can be paid. Plaintiff asserts that the bank's action results in a greater number of checks being returned for insufficient funds and, hence, greater fees are generated by the bank and charged to its customers.

The plaintiff charges that the bank is guilty of breach of contract (breach of depository agreement) and of common-law bad faith as well as violation of T.C.A. §§ 47–4–303(2), 47–1–203, 47–1–102(3) and 47–4–103(1).[2] Additionally, the plaintiff charges the defendant with violation of the Tennessee Consumer Protection Act, T.C.A. § 47–18–101, et seq.

The bank responded with a motion to dismiss pursuant to Rule 12.02(6). The basic thrust of the bank's motion is that T.C.A. § 47–4–303(b) expressly authorizes the practice about which the plaintiff complains.

After argument in the trial court, the trial judge announced his findings from the bench. He reluctantly sustained the motion to dismiss. This appeal resulted. We affirm the action of the trial court.

The plaintiff charges that the court was in error by dismissing the case either under Rule 12.02(6), Tennessee Rules of Civil Procedure or Rule 56, Tennessee Rules of Civil Procedure. After our review of the record and the order entered by the trial court, we believe that it is clear that the case was dismissed pursuant to Rule 12.02(6) rather than on motion for summary judgment. While the trial judge did say that he had read the entire record before the motion was called for hearing, there is no indication that he considered any evidence.[3] The complaint was clearly dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6) Tennessee Rules of Civil Procedure. In any event, if we find that the complaint fails to state a claim upon which relief can be granted, the question of whether the dismissal was pursuant to Rule 12 or Rule 56 is moot.

A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of

---

1. The case was dismissed before the trial court ruled on the question of whether this was a proper case to be maintained as a class action pursuant to Rule 23, Rules of Tennessee Civil Procedure.

2. There is no contract nor depository agreement attached to the complaint as required by Rule 10.03, Tennessee Rules of Civil Procedure.

3. We likewise have reviewed the entire record. We wish to call to the attention of the parties and the Clerk of the Circuit Court, the provisions of Rules 24 and 40, Tennessee Rules of Appellate Procedure.

the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. *Merriman v. Smith*, 599 S.W.2d 548, 560 (Tenn.App. 1979). The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone. *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn.App.1990). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn. 1975); *Shelby County v. King*, 620 S.W.2d 493, 494 (Tenn.1981); *Shipley v. Knoxville Journal Corp.*, 670 S.W.2d 222, 223 (Tenn. App.1984). The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *League Cent. Credit Union v. Mottern*, 660 S.W.2d 787, 789 (Tenn.App. 1983). In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true. *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848—49 (Tenn.1978); *Holloway v. Putnam County*, 534 S.W.2d 292, 296 (Tenn.1976). The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Fuerst*, 566 S.W.2d at 848.

*Christy C. Cook by and through her next friend, Janice Uithoven v. Spinnaker's of Rivergate, Inc., and Tri–M Management, Inc.*, 878 S.W.2d 934 (Tenn.1994).

■ The trial judge believed that the bank was statutorily allowed to do the acts about which the plaintiff complains. The court dismissed all claims including those alleged to be a violation of the provisions of the Tennessee Consumer Protection Act. The court noted in his opinion, announced from the bench, that since the law permitted the bank to do the acts about which the plaintiff com-

plains, the Tennessee Consumer Protection Act did not apply.

T.C.A. § 47–4–303(b) is pivotal to the issue presented here. It provides in pertinent part as follows:

**47–4–303. When items subject to notice, stop-payment order, legal process, or setoff—Order in which items may be charged or certified.** (a) Any knowledge, notice, or stop-payment order received by, legal process served upon, or setoff exercised by a payor bank comes too late to terminate, suspend, or modify the bank's right or duty to pay an item or to charge its customer's account for the item if the knowledge, notice, stop-payment order, or legal process is received or served and a reasonable time for the bank to act thereon expires or the setoff is exercised after the earliest of the following:

\* \* \* \*

(b) Subject to subsection (a), items may be accepted, paid, certified, or charged to the indicated account of its customer in any order convenient to the bank.[4]

Paragraph 7 to the official comments to the above section provides as follows:

7. As between one item and another no priority rule is stated. This is justified because of the impossibility of stating a rule that would be fair in all cases, having in mind the almost infinite number of combinations of large and small checks in relation to the available balance on hand in the drawer's account; the possible methods of receipt; and other variables. *Further, the drawer has drawn all the checks, the drawer should have funds available to meet all of them and has no basis for urging one should be paid before another;* and the holders have no direct right against the payor or bank in any event, unless of course, the bank has accepted, certified or finally paid a particular item, or has become liable for it under Section 4–302. Under subsection (b) the bank has the right to pay items for which it is itself

---

**4.** A 1995 amendment to this section deleted the words "convenient to the bank" in the last sentence to this section.

liable ahead of those for which it is not. (Emphasis ours).

The official comments, while not binding, are very persuasive in interpreting the statute to which they apply. The comments give some insight into the intent of the overall scheme of the statute as contemplated by the General Assembly in adopting the language of the statute. Further T.C.A. § 47–1–102 provides in pertinent part as follows:

**47–1–102. Purposes—Rules of construction—Variation by agreement—.** (1) Chapters 1–9 of this title shall be liberally construed and applied to promote its underlying purposes and policies. In any dispute as to the proper construction of one or more sections of chapters 1–9 of this title, the Official Comments pertaining to the corresponding sections of the Uniform Commercial Code, Official Text, as adopted by the National Conference of Commissioners on Uniform State Laws and the American Law Institute and as in effect on the date of enactment of the sections in this state, shall constitute evidence of the purposes and policies underlying such sections, . . .

We should note that an "item" as that term is used in the above is defined in T.C.A. § 47–4–104 as follows:

**Definitions and index of definitions—** (a) as used in this chapter, unless the context otherwise requires:

*   *   *   *

(9) "Item" means an instrument or a promise or order to pay money handled by a bank for collection or payment. The term does not include a payment order governed by chapter 4A of this title or a credit or debit card slip;[5]

*   *   *   *

■ We find the terms "convenient to the bank" as used in T.C.A. § 47–4–303 to be clear and unambiguous and inures to the benefit of the bank. It is not within the province of the court to look into the internal operational procedures of a bank and make its own determination of what is or is not convenient to the bank. That is a privilege explicitly granted to the bank by the General Assembly. Where the language is clear, a provision free of any ambiguity cannot be changed under the guise of interpretation not needed to determine its meaning. *See Carter County v. Williams,* 28 Tenn.App. 352, 190 S.W.2d 311 (1945) and *Hogan v. McDaniel,* 204 Tenn. 235, 319 S.W.2d 221 (Tenn. 1958).

It is our opinion that under the authorities cited above, the bank had the discretion to pay items in a manner convenient to it and we cannot substitute our judgment for that of the Bank. To do so would undermine the fundamental purposes of the statute.

■ We will next turn our attention to The Tennessee Consumer Protection Act of 1977, (Act), T.C.A. §§ 47–18–101 et seq. The Act, in general, protects the consuming public from "unfair and deceptive" trade practices. The Act specifically contains an exemption clause, however, which we find to be apropos to this case. Section 47–18–111(a) provides as follows:

**47–18–111. Exemptions.—**(a) The provisions of this part do not apply to:

(1) Acts or transactions required or *specifically authorized* under the laws administered by, or rules and regulations promulgated by, any regulatory bodies or officers acting under the authority of this state or of the United States; (Emphasis ours.)

*   *   *   *

(b) The burden of Proving an exemption from the provisions of this part, as provided in this section, shall be upon the person claiming the exemption.

While we recognize that the Act was intended to and is supplementary to any other remedies otherwise provided by law and is to be strictly construed in favor of the consumer, we never the-less, are not at liberty to ignore the exemption privileges. Clearly, under the provisions of T.C.A. § 47–4–303(b), the bank is acting under laws administered by the State of Tennessee and is expressly authorized to do the acts of which the plaintiff complains. The bank is, therefore, ex-

---

**5.** Chapter 4A has no application to the case under consideration.

empt from the Act as far as the practices complained of by the plaintiff are concerned. Construing T.C.A. §§ 47–4–303(b) and 47–18–111 together establishes that the exemption applies as a matter of law.

Lastly, we turn our attention to the question of "good faith" as those terms relate to contracts at common law and as set forth in T.C.A. § 47–1–203, assuming without deciding that T.C.A. § 47–1–203 applies to the alleged contract under consideration. *See Wallace v. National Bank of Commerce*, 938 S.W.2d 684 (Tenn.1996). We conclude that if a party to a contract is acting under authority expressly granted by statute and is not exceeding that authority, there is, as a matter of law, no breach of either the common law duty of good faith in the performance of the contracts or a violation of statutory requirements of good faith.

We affirm the judgment of the trial court. Costs of this appeal are assessed to the plaintiff and this case is remanded to the trial court.

FRANKS, J., not participating.

HOUSTON M. GODDARD, P.J., concurs.