IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 15, 2008

## CORY O. JOHNSON v. ROSS BATES, WARDEN, WTSP DISCIPLINARY BOARD

Direct Appeal from the Circuit Court for Lauderdale County
No. 6178    Joseph H. Walker, III, Judge

No. W2007-02293-COA-R3-CV - Filed May 22, 2008

This appeal involves a petition for writ of certiorari filed by an inmate. Following the investigation of a homicide at the prison, disciplinary charges were filed against the petitioner. The prison disciplinary board held a hearing and found the petitioner guilty of the charges. The petitioner was indicted by a grand jury and charged with second degree murder, but the case was later dismissed via nolle prosequi. The petitioner then filed his petition for writ of certiorari challenging the prison disciplinary board's actions at the hearing, and the trial court dismissed it as untimely. The petitioner appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Cory O. Johnson, Petros, TN, *pro se*

No brief filed by Appellee

**OPINION**

## I.  FACTS & PROCEDURAL HISTORY

Cory Johnson ("Johnson" or "Petitioner") is an inmate in the custody of the Tennessee Department of Correction.  A homicide was committed at the Northwest Correctional Complex, where Johnson was being held, on January 31, 2004.  On February 1, 2004, Johnson was placed in segregation pending an investigation of his involvement in the homicide.[1]  Johnson was later transferred to the West Tennessee State Prison.  On February 9, 2004, Johnson received a disciplinary report for "violation of state law – criminal homicide."  At a disciplinary hearing on February 17, 2004, the West Tennessee State Prison Disciplinary Board ("Board") found Johnson guilty of the charges against him.  His first- and second-level appeals were denied by the prison warden and the Commissioner of the Department of Correction, respectively.

On March 13, 2006, Johnson was indicted by the Lake County grand jury for second degree murder based on the incident.  The Lake County Circuit Court entered an order dismissing the case via nolle prosequi on July 24, 2007, upon the assistant district attorney's announcement that the State did not desire to prosecute the action.

On September 17, 2007, Johnson filed a petition for writ of certiorari in the Circuit Court of Lauderdale County, seeking a review of the actions taken by the Board at the February 17, 2004 hearing.  Johnson alleged that the Board "acted illegally and arbitrarily and exceeded its authority" by violating several of the Tennessee Department of Correction Uniform Disciplinary Procedures.  Specifically, Johnson claimed that the Board erred in allowing him to be segregated for more than seven days pending the investigation; failing to allow his inmate advisor to conduct an investigation; moving him to a different prison, thereby preventing him from obtaining relevant evidence; failing to assess the credibility of the confidential informants; and wrongfully convicting him of a serious offense.  Johnson sought an order setting aside the Board's decision, ordering his removal from maximum security detention, restoring his "good and honor credits" of 180 days, crediting him for 30 days punitive segregation, and refunding his $5.00 fine.

On September 25, 2007, the trial court entered an order dismissing the petition as time-barred pursuant to Tennessee Code Annotated section 27-9-102.  The order further stated that the petition was denied because it failed to state a claim for relief, as the intrinsic correctness of the Board's decision was not subject to judicial review.  Johnson timely filed a notice of appeal on October 3, 2007.

## II.  ISSUES PRESENTED

Petitioner presents the following issues for review:

---

[1] These facts are taken from Johnson's petition for writ of certiorari.

1.    Whether the Lauderdale County Circuit Court erred in dismissing the petition for writ of certiorari as time-barred.
2.    Whether the  Lauderdale County Circuit Court erred in dismissing the petition for writ of certiorari for failure to state a claim.

For the following reasons, we affirm the decision of the circuit court.

### III.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim only tests the sufficiency of the complaint, seeking to determine whether the pleadings state a claim upon which relief can be granted. *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002); *Smith v. First Union Nat. Bank of Tenn.*, 958 S.W.2d 113, 114-15 (Tenn. Ct. App. 1997).  "We review the trial court's legal conclusions de novo without giving any presumption of correctness to those conclusions." *Trau-Med*, 71 S.W.3d at 696-97 (citing *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000)).

### IV.    DISCUSSION

A challenge to a prison disciplinary board decision is properly brought by filing a petition for common law writ of certiorari. *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 582 (Tenn. Ct. App. 2001); *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). Tennessee Code Annotated section 27-9-102 requires that the petition be filed within sixty days of the challenged action.  The sixty-day statute of limitations is mandatory and jurisdictional. *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 247 (Tenn. Ct. App. 2006).  Failure to file the petition within the statutory time limit results in the Board's decision becoming final, and once the decision is final, the court is deprived of subject matter jurisdiction. *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003); *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994).  If the petition for certiorari shows on its face that it was filed beyond the sixty-day statute of limitations, this defect is fatal to subject matter jurisdiction and dismissal is proper. *Gore*, 132 S.W.3d at 374.

In this case, Johnson filed the petition for writ of certiorari on September 17, 2007, seeking review of his February 17, 2004 disciplinary hearing before the Board.  We note that Johnson's petition for writ of certiorari stated that he appealed the February 17, 2004 decision to the warden and to the Commissioner of the Department of Corrections, and the appeals were denied.  The dates of these denials are not included in the record, but Johnson does not claim that he filed his petition for writ of certiorari within sixty days of those decisions.  Instead, he argues that he was not required to file his petition until the criminal case against him was dismissed because the criminal proceedings were "an ongoing administrative remedy."

We find no merit in the argument that the criminal case was simply an extension of the prison disciplinary hearing.  "Prison disciplinary proceedings are not part of a criminal prosecution."

***Williams v. Tenn. Dep't of Corr.***, No. M2000-02905-COA-R3-CV, 2002 WL 1974116, at *3 (Tenn. Ct. App. Aug. 28, 2002) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 43 L. Ed.2d 935, 951 (1974)). "It has long been understood that proceedings conducted by a prison disciplinary board are administrative in nature. They are not criminal proceedings as the law understands that term." ***Keen v. Tenn. Dep't of Corr.***, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *3 (Tenn. Ct. App. Feb. 25, 2008) (citing *Ray v. State*, 577 S.W.2d 681, 682 (Tenn. Crim. App. 1979); *State ex rel Turner v. Gore*, 175 S.W.2d 317, 318 (Tenn. 1943)). The functions of prison disciplinary boards are administrative and not judicial in nature. ***Buford v. Tenn. Dep't of Corr.***, No. M1998-00157-COA-R3-CV, 1999 WL 1015672, at *4 (Tenn. Ct. App. Nov. 10, 1999). Prison disciplinary proceedings are not in conflict with proceedings in criminal courts, which can result in a new conviction and a new sentence for the defendant, even when the same conduct is the subject of both proceedings. ***Dyer v. Tenn. Dep't of Corr.***, No. M2001-01446-COA-R3-CV, 2002 WL 2023142, at *3 (Tenn. Ct. App. Sept. 5, 2002).

Johnson also claims that filing a timely petition for writ of certiorari "may have incriminated the Appellant," citing his "5th Amendment Right of the United States Constitution not to incriminate himself." Johnson does not suggest how his filing of the petition might have violated his right to assert his Fifth Amendment privilege. The Fifth Amendment to the United States Constitution guarantees that those accused of crimes may not be compelled to testify or give evidence against themselves. ***Richardson v. Tenn. Bd. of Dentistry***, 913 S.W.2d 446, 461 (Tenn. 1995). The Fifth Amendment privilege protects any disclosures which a witness might reasonably believe would be used in a criminal prosecution, or which could lead to other evidence that might be so used. ***Id.*** (citing *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 94, 84 S. Ct. 1594, 1611, 12 L. Ed.2d 678 (1964); *State ex rel. Shriver v. Leech*, 612 S.W.2d 454, 459 (Tenn. 1981), *cert. denied*, 454 U.S. 836, 102 S. Ct. 139, 70 L. Ed.2d 116 (1981)). "The privilege can be claimed in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." ***Id.*** at 461-62 (quoting *Murphy*, 378 U.S. at 94, 84 S. Ct. at 1611). However, we are aware of no authority for Johnson's position that he could rely upon the Fifth Amendment to toll the statute of limitations for filing his petition for writ of certiorari. In several cases, defendants have argued that the proceedings to revoke their probation should be continued or postponed until the criminal cases based on the same conduct were resolved, in order to preserve their Fifth Amendment rights. *See* ***State v. Patterson***, No. M2001-01991-CCA-R3-CD, 2002 WL 31154597, at *3 (Tenn. Crim. App. Sept. 23, 2002); ***State v. Taylor***, No. W1999-01803-CCA-R3-CD, 2000 WL 1024614, at *2 (Tenn. Crim. App. July 24, 2000); ***State v. Carden***, 653 S.W.2d 753, 755 (Tenn. Crim. App. 1983). The defendants claimed that by allowing the proceedings to coincide, they were effectively prevented from testifying in the revocation proceedings. However, in each case, the appellate court held that the denial of a continuance did not violate the defendant's Fifth Amendment rights. The defendants could assert their Fifth Amendment right not to testify in the revocation proceedings, but they could not use the right "as a shield to avoid cooperating with the court in its fact finding mission," *Taylor*, 2000 WL 1024614, at *2, and they could not prevent the case from proceeding based on the State's other evidence, *Patterson*, 2002 WL 31154597, at *3. We find these cases somewhat analogous to the situation in the case at bar, and their reasoning is persuasive. We conclude that Johnson could not rely on the Fifth Amendment as

a valid reason for failing to file a petition for writ of certiorari simply because of the possibility that a criminal case would be filed.

In sum, the trial court properly dismissed Johnson's petition for writ of certiorari because it was time-barred. We need not address whether the petition stated a claim for relief.

### V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Petitioner, Cory O. Johnson, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.

-5-