# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER 12, 2010 Session

## KEVIN MILLEN v. SHELBY COUNTY SHERIFF'S OFFICE

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-10-0168-1     Walter L. Evans, Chancellor**

---

**No. W2010-01343-COA-R3-CV - Filed November 10, 2010**

---

After unsuccessfully appealing his worker's compensation lawsuit, Appellant was assessed appellate court costs. A Fieri Facias/Writ of Execution was executed, and Appellant's car was attached and sold at a sheriff's sale. Appellant then filed a lawsuit against the Sheriff's Office claiming he had been carjacked. The trial court dismissed Appellant's complaint and we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Kevin Millen, Memphis, Tennessee, *pro se*

Lisa LaVigne Kelly, Eugene C. Gaerig, Memphis, Tennessee, for the appellee, Shelby County Sheriff's Office

## MEMORANDUM OPINION[1]

### I.  FACTS & PROCEDURAL HISTORY

In 2006, Kevin Millen ("Appellant") filed a worker's compensation lawsuit against his employer for injuries allegedly received in an automobile collision. ***Millen v. Mgmt. Cleaning Controls***, No. W2008-02078-COA-R3-SCWCM-WC, 2009 WL 2461894 (Tenn. W.C. Panel Aug. 12, 2009).  The trial court awarded future medical benefits but refused to award permanent disability benefits.  ***Id.*** at *1.  The Supreme Court, Special Workers' Compensation Appeals Panel, on August 12, 2009, upheld the judgment and assessed costs against Appellant, specifically stating that "execution may issue if necessary."[2]  ***Id.*** at *1-2. According to the Shelby County Sheriff's Office ("Appellee"), on August 27, 2009, the Supreme Court Clerk sent a cost bill invoice to Mr. Millen notifying him of his appellate costs.

On October 28, 2009, the Supreme Court Clerk issued a Fieri Facias/Writ of Execution for the court costs of $530.75, and on November 18, $58.00 was received from Appellant.  Thereafter, on December 21, a Shelby County Sheriff's deputy attached Appellant's 1995 Cadillac and had it towed for the purpose of a Sheriff's sale.  According to Appellee, a letter was sent to Appellant on January 7, 2010, "explaining to him that his car would be sold at public auction on January 27, 2010 at 10:00 a.m. . . . and advis[ing] him that he or his representative(s) should be present."[3]  Appellee's brief indicates that Appellant's car was sold at a January 27 auction for $750.00; $379.80 was paid toward towing and storage, $42.00 was paid to the Sheriff for execution, and $328.20 was sent to the Supreme Court Clerk.

Appellant filed a document styled "Motion to show Carjacking Incident" on February

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]A December 14, 2009 assignment collection letter sent to Appellant states that "[a]ccording to STATE OF TN APPELLATE COURT records, on 9/19/2006 a notice was sent to you regarding [a $412.50] outstanding balance."

[3]Although not properly included in the record, this January 7, 2010 letter is attached to both parties' briefs.

2, 2010, alleging that his car was carjacked by the sheriff. Among numerous other documents, Appellant then filed an amended complaint and a "Motion to Show that court should have set up Payment plan," claiming that he had contacted the Clerk who disallowed his payment plan request, and seeking as damages "a brand new Cadillac 2010 or 2011" and a new home closer to the post office "because [his] entire body is in severe pain because now [he has] to walk different places." Appellee maintains that by a letter of February 9, 2010, Appellate Court Cost Bill information was sent to Appellant from the Tennessee Appellate Court Cost Center.

On February 25, 2010, Appellee filed a motion to dismiss, claiming dismissal was appropriate because, among other reasons, immunity had not been removed allowing a suit for alleged negligence in executing a judicial attachment. On March 1, Appellant filed a "Motion to Show why to drop Immunity" arguing that the taking of his car was an "operational decision" rather than a "discretionary act," and thus, he contended, immunity was removed. Appellee filed its second motion to dismiss on April 17, maintaining that Appellant had failed to state a cause of action upon which relief could be granted because the execution was pursuant to a document lawfully issued by the Supreme Court of Tennessee to collect the court costs. Appellant then filed a document styled "Motion to show that T.C.A. [§] 26-2-216," again seeking to be placed on a payment plan, as well as a "Motion to Show that the Sher[]iff Violated the Color of Office." Appellee filed its third motion to dismiss, responding to Appellant's claims that he is entitled to a $4,000.00 property exemption pursuant to Tennessee Code Annotated section 26-2-103,[4] as well as to his claim that Appellee, rather than the Clerk, was required to set forth the Notice to Judgment Creditors found in Tennessee Code Annotated section 26-2-404.

Following a hearing on May 21, 2010, a transcript of which is not included in the record, the trial court dismissed Appellant's claim "based upon the Defendant's Motions to Dismiss filed in this cause for the reasons set forth therein." Appellant timely appealed.

## II.    ISSUE PRESENTED

Appellant presents the following issue for review, as we perceive it, summarized as follows:

1.    Whether the trial court property dismissed Appellant's complaint.

For the following reasons, we affirm the trial court's dismissal of Appellant's complaint.

---

[4]In 2010, Tennessee Code Annotated section 26-2-103 was amended to provide for a $10,000.00 personal property exemption.

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim tests only the sufficiency of the complaint, seeking to determine whether the pleadings state a claim upon which relief can be granted. ***Trau-Med of Am., Inc. v. Allstate Ins. Co.,*** 71 S.W.3d 691, 696 (Tenn. 2002); ***Smith v. First Union Nat. Bank of Tenn.,*** 958 S.W.2d 113, 114-15 (Tenn. Ct. App. 1997). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law because they do not constitute a cause of action. ***Id.*** at 115 (citations omitted). In making this determination, we construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true. ***Id.*** (citing *Fuerst v. Methodist Hosp. South,* 566 S.W.2d 847, 848-49 (Tenn. 1978); *Holloway v. Putnam County,* 534 S.W.2d 292, 296 (Tenn. 1976)). However, "[t]here is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint." ***Trau-Med,*** 71 S.W.3d at 704 (quoting *Donaldson v. Donaldson,* 557 S.W.2d 60, 61 (Tenn. 1977)). Where "no claim for relief is stated by a party, a court may properly dismiss the action, either on motion or sua sponte." ***Donaldson,*** 557 S.W.2d at 62 (citations omitted).

### IV. DISCUSSION

At the outset, we note that Appellant's arguments are, at best, difficult to follow. However, his primary argument on appeal, as we perceive it, is that his vehicle was taken "without any proper paperwork," and therefore such "taking" constituted a carjacking.

Appellant first relies upon Tennessee Code Annotated section 26-2-102, which allows a $4,000.00 personal property exemption from execution, seizure, or attachment. According to Appellant, because his vehicle was worth less than $4,000.00, attachment was impermissible. However, exemption is not automatic; a debtor wishing to exercise the personal property exemption must file a list of the items he seeks to have declared exempt. **Tenn. Code Ann. § 26-2-114(a)**. There is no indication in the record, nor does Appellant argue, that he took the necessary steps to seek an exemption. Moreover, insofar as Appellant argues that Appellee failed to comply with the statute's notice requirements, it is the duty "of the clerk of the court from which process is issued[,]" rather than of the defendant Sheriff's Office, to cause a notice regarding the exemption process to be affixed to "the warrant, summons or other [] process." **Tenn. Code Ann. § 26-2-114(c)**.

Under his "paperwork" argument, Appellant also insists that "by law they should have had a court date and set up a payment plan." As a basis for this argument, Appellant relies upon Tennessee Code Annotated section 26-2-203, which addresses the obligations of a

garnishee to appear in court upon a summons. However, Appellant's reliance upon section 26-2-203 is misplaced. The "garnishee," who may be required under the statute to appear in court to answer the garnishment, refers to a third party possessing or controlling money or property of the judgment debtor. **Tenn. Code Ann. § 26-2-203(b)**. This statute simply does not compel a "court date" or payment plan for Appellant as he seems to suggest.

Appellant also cites Tennessee Code Annotated section 26-2-216, which allows the court *"upon written consent of the parties or upon written motion of the judgment debtor"* following a hearing, to enter an order establishing a payment plan to payoff a judgment. (emphasis added). Assuming arguendo that this statute is otherwise applicable, we find that it does not entitle Appellant to be set up on a payment plan. Appellant failed to file a motion seeking to be placed on a payment plan "supported by an affidavit stating the debtor's inability to pay such debt with funds other than those earned by the debtor as wages or salary, or received from other sources in such amounts as to necessitate or make equitable installment payments, the name and address of the debtor's employer, or other source of funds and amount of such wages or salary, and the date of payment thereof[,]" as statutorily required. **Tenn. Code Ann. § 26-2-216(a)(1)**.

Finally, Appellant cites Tennessee Code Annotated section 26-2-217(2), which allows "[t]he judge in whose court judgment was rendered, *upon proper showing by affidavit of the judgment debtor*" to "alter the terms and the amount of payment, if it shall appear that [] default was due to the lack of employment or other justifiable cause beyond the control of the judgment debtor." (emphasis added). Again, assuming for the sake of argument that the statute is otherwise applicable, Appellant failed to file an affidavit concerning his alleged inability to pay his court costs.

Not only is the substance of Appellant's claims difficult to comprehend, but it is also difficult to discern the alleged offenders. It seems that Appellant's claims are directed, at least in part, at the alleged failures of the court system, and more specifically the Supreme Court Clerk, rather than at the defendant Sheriff's Office. For example, in his brief Appellant claims that the chancery court "stole [his] car without proper paperwork[,]" that "the court system is abusing the process[,]" that "[t]he court system has gone along with this premeditated attempted murder of [him]," and that "the court system is ganging upon [him], because [he] graduated from Georgetown University." Furthermore, Appellant directs blame at Tennessee Supreme Court Clerk Michael W. Catalano for his lack of success in being placed on a payment plan, despite his claims that he wrote a letter to, and left voice mails for, Mr. Catalano.

"A suit against a state official in his or her official capacity is a 'suit against the state.'" ***Newell v. Maitland***, No. W2007-01704-COA-R3-CV, 2008 WL 2122331, at \*5 (Tenn. Ct. App. May 21, 2008) *perm. app. denied* (Tenn. Dec. 1, 2008) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 229 (Tenn. Ct. App. 2000); *Greenhill v. Carpenter*, 718 S.W.2d 268, 271 (Tenn. Ct. App. 1986)) (footnote omitted). "'Historically, the doctrine of sovereign immunity has provided that a sovereign governmental entity cannot be sued in its own courts absent legislative consent.'" ***Id.*** (quoting *Wells v. Tenn. Bd. of Regents*, 231 S.W.3d 912, 916 (Tenn. 2007)). The Tennessee Constitution, article I, section 17, provides in part that "'[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct.'" ***Id.*** (quoting Tenn. Const. art. I, § 17). Tennessee Code Annotated section 20-13-102(a) prohibits courts from entertaining suits against the State, absent waiver, and requires dismissal on proper motion. ***Id.***

"State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employer's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." **Tenn. Code Ann. § 9-8-307(h)**. However, pursuant to Tennessee Code Annotated section 9-8-307(a), the Tennessee Claims Commission has exclusive jurisdiction to determine monetary claims against the state "based upon acts or omissions of state employees falling within certain categories, including: . . . (N) Negligent deprivation of statutory rights created under Tennessee law[.]" *Newell*, 2008 WL 2122331, at \*6 (quoting Tenn. Code Ann. §9-8-307(a)(1)(N)). Accordingly, even if we were to assume that Appellant could establish a violation by court systems employees of the above-referenced statutes, exclusive jurisdiction for his negligence claims against the State defendants is vested in the Tennessee Claims Commission. ***See id.***

Finally, insofar as Appellant's claims are directed at Appellee, we find that immunity has not been removed to allow a suit under the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated section 29-20-101, et seq. "The general rule of governmental immunity from lawsuits is set forth in Tennessee Code Annotated section 29-20-201."[5] ***Ford v. New Greater Hyde Park Missionary Baptist Church of Memphis***, Nos. W2006-02614-COA-R9-CV, W2006-02615-COA-R9-CV, W2006-02612-COA-R9-CV, 2007 WL 4355490, at \*5 (Tenn. Ct. App. Dec. 12, 2007). There are, however, exceptions to this general rule.

---

[5]"Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." **Tenn. Code Ann. § 29-20-201(a)**.

For example, "[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except if* the injury arises out of: . . . (5) the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause." **Tenn. Code Ann. § 29-20-205(5)** (emphasis added).

Appellant, citing *Bowers v. City of Chattanooga*, 826 S.W.2d 427 (Tenn. 1992), attempts to argue that Appellee's immunity is removed because the "taking" of his car was an "operational decision" rather than a "discretionary act." *Bowers* clarified the distinction between "planning" or discretionary, and "operational" functions, but it did not address the removal of immunity based upon alleged negligence in executing a Writ of Execution or Judicial Attachment. The *Bowers* court acknowledged that "there may be occasions where an 'operational act' is entitled to immunity[.]" 826 S.W.2d at 431. Given Tennessee Code Annotated section 29-20-205(5)'s express retention of immunity in prosecuting a judicial proceeding, we find that Appellee's duty to "[e]xecute and return, according to law, the process and orders of the courts of record of this state[,]" Tenn. Code Ann. § 8-8-201, does not render Appellee's actions an "operational" decision for which immunity is removed.[6]

## IV. CONCLUSION

For the aforementioned reasons, we affirm the trial court's dismissal of Appellant's complaint. Costs of this appeal are taxed to Appellant, Kevin Millen, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[6]Appellant also argues that immunity is removed pursuant to Tennessee Code Annotated section 29-20-204, which removes immunity "for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity." Appellant's argument regarding this immunity exception is incomprehensible; however, it is clear that this statute is inapplicable to the instant case.