# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 14, 2010 Session

## RONALD P. BOAZ v. ROZANNE JACKSON, ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 09C4268　　Barbara N. Haynes, Judge

---

### No. M2010-00805-COA-R3-CV - Filed January 31, 2011

---

The plaintiff claimed that in 1997 he entered into a verbal partnership agreement with the defendant to open and operate the antique store that the plaintiff managed for the next twelve years.  He further claimed that the defendant withheld profits and other benefits of the partnership from him, in violation of their agreement.  The plaintiff accordingly asked the trial court to dissolve the partnership and to award him his share of the partnership assets. The defendant filed a Rule 12.02(6) motion to dismiss the plaintiff's complaint for failure to state a claim.  She denied that she had ever been in any sort of partnership relationship with the plaintiff and claimed, instead, that he was a salaried managerial employee-at-will of her solely-owned corporation.  The trial court granted the defendant's motion.  The allegations in the complaint, which we must take as true, state a claim for relief. Additionally, material extraneous to the complaint was submitted and presumably considered by the trial court, requiring that the motion be treated as one for summary judgment. Disputes of material fact exist in the filings, precluding the grant of summary judgment. Accordingly, we reverse.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed

Patricia J. Cottrell, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Jeffrey Spark, Nashville, Tennessee, for the appellant, Ronald P. Boaz.

Kenneth A. Weber, Ben H. Bodzy, Nashville, Tennessee, for the appellees, Rozanne Jackson d/b/a Irongate/ d/b/a Irongate, LLC d/b/a Rozanne Jackson Interiors, Inc. and Rozanne Jackson Interiors, Inc.

## MEMORANDUM OPINION[1]

### I. BACKGROUND

On December 3, 2009, Ronald Boaz filed a complaint in the Circuit Court of Davidson County, in which he alleged that he entered into a verbal partnership agreement with defendant Rozanne Jackson in 1997 to open and operate an antique store and decorating business in Franklin called The Iron Gate. On January 8, 2010, Mr. Boaz amended his complaint. The amended complaint included the same allegation of an express verbal partnership between the parties, but added as an alternate theory that there existed an implied partnership between Mr. Boaz and Ms. Jackson, or between Mr. Boaz and Ms. Jackson's corporation, on the basis of their actions in relation to the operation of The Iron Gate.

Mr. Boaz stated that he opened and managed the store, and he asserts that he exercised broad responsibilities over the years, including hiring and firing employees, conducting buying trips, and signing leases. He claims, however, that in 2009 Ms. Jackson reduced his compensation, constrained his role in the business, and denied him access to the partnership books and records. Mr. Boaz accordingly asked the trial court to order an accounting of all partnership business, to dissolve the partnership pursuant to the provisions of Tenn. Code Ann. § 61-1-803, and to distribute its assets between the partners.

Ms. Jackson filed an affidavit in which she stated that when she and Mr. Boaz discussed the possibility of opening a retail store, he told her that he wanted to obtain an ownership interest in the business, but that she never entered into a partnership agreement with him. She claimed, rather, that The Iron Gate was owned and operated through a corporation named Rozanne Jackson Interiors, Inc. (RJI); that she was the sole shareholder of RJI; that Mr. Boaz was not and had never been a shareholder in RJI; that Mr. Boaz never contributed any capital to the corporation; and that rather than being a partner, Mr. Boaz was a salaried managerial employee-at-will.

Ms. Jackson appended a number of documents to her affidavit, including corporate charters and by-laws, W-2 forms for Mr. Boaz listing Rozanne Jackson Interiors, Inc. as his employer, and a copy of a letter purportedly sent by her to Mr. Boaz on April 1, 1998. The letter proposed employment terms, and set out a possible route for Mr. Boaz to become " a

---

[1]The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

full equity partner" contingent upon the business paying off all its debts and loans. According to Ms. Jackson's affidavit, Mr. Boaz never responded to the letter.

On January 28, 2010, Ms. Jackson filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss the complaint of Mr. Boaz for failure to state a claim upon which relief may be granted. Mr. Boaz filed a response in opposition to the motion and a memorandum in which he asserted that his contributions to the partnership were his expertise and experience in home and business decoration and in buying furniture and furnishings for sale, while Ms. Jackson's contributions were in the form of financial capital and business management.

Mr. Boaz also stated that Ms. Jackson received income from the partnership in the form of a paycheck from Rozanne Jackson Interiors, Inc. d/b/a The Iron Gate, just as he did, but that the profits from the partnership were never distributed to him. He further noted that Ms. Jackson approved the use of promotional material which described him as a partner in The Iron Gate, including the retail store's website.

After a hearing, the trial court entered a brief order on March 15, 2010 in which it granted Ms. Jackson's motion and dismissed the complaint with prejudice, stating: "Upon review of Defendant's Motion, Plaintiff's Response, the arguments of counsel and the entire record in this case, the court finds that Plaintiff's Complaints fail to state a claim upon which relief can be granted." This appeal followed.

## II. ANALYSIS

The sole purpose of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint itself, not the strength of the plaintiff's proof. *Willis v. Dept. of Corrections*, 113 S.W.3d 706, 710 (Tenn. 2003); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). For the purposes of such a motion, the moving party admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from those facts. *Winchester v. Little*, 996 S.W.2d 818, 821-22 (Tenn. Ct. App. 1998); *Smith v. First Union Nat'l Bank,* 958 S.W.2d 113, 115 (Tenn. Ct. App. 1997). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Willis v. Dept. of Corrections*, 113 S.W.3d at 710; *Sullivant v. Americana Homes*, 605 S.W.2d 246, 248-49 (Tenn. Ct. App. 1980).

Dismissal under Rule 12.02(6) is therefore warranted only when the alleged facts will not entitle the plaintiff to relief or when the complaint is totally lacking in clarity and specificity. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). Accordingly,

a court reviewing a complaint being tested by Rule 12.02(6) motion must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, and by giving the plaintiff the benefit of all the inferences that can reasonably be drawn from the pleaded facts. *Stein v. Davidson Hotel*, 945 S.W.2d 714, 716 (Tenn. 1997). Such motions are not favored, and are rarely granted in light of the liberal pleading standards in the Tennessee Rules of Civil Procedure. *Dobbs v. Guenther*, 846 S.W.2d at 273; *Barish v. Metropolitan Government*, 627 S.W.2d 953, 954 (Tenn. Ct. App. 1981).

On appeal from an order granting a Rule 12.02(6) motion, this court must, like the trial court, presume that the factual allegations in the complaint are true, and we must review the trial court's legal conclusions regarding the adequacy of the complaint without a presumption of correctness. *Willis v. Department of Corrections*, 113 S.W.3d at 710; *Stein v. Davidson Hotel*, 945 S.W.2d at 716; *421 Corporation v. Metropolitan Government of Nashville and Davidson County*, 36 S.W.3d 469, 479 (Tenn. Ct. App. 2000).

The complaint in the present case alleged that the parties reached a verbal agreement in 1997 to become partners in the ownership and operation of an antique store, and that Mr. Boaz managed the store in accordance with that agreement for the following twelve years. It further alleges that Ms. Jackson withheld partnership assets from him and prevented him from exercising his rights under the partnership. Additionally, it alleged that an implied partnership existed due to the facts surrounding the operation of the store. Based upon the factual allegations, we cannot find that Mr. Boaz can prove no set of facts that would entitle him to relief.

Ms. Jackson responded to the complaint with an affidavit in which she denied the allegations. She supported her affidavit with documents which suggested, but did not prove, Mr. Boaz was not a partner, but was merely an at-will employee of a corporation owned by Ms. Jackson.

Under the provisions of Rule 12.02(6), when a party files a motion to dismiss for failure to state a claim, and matters outside the pleadings are presented which the trial court chooses in its discretion not to exclude, "the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." *See Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973); *Hunt v. Shaw,* 946 S.W.2d 306, 307 (Tenn. Ct. App. 1996).

Tenn. R. Civ. P. 56.04 sets out a standard that is not identical with the standard for decision on a motion under Rule 12.02(6). Instead, Rule 56.04 sets out the following standard for decision on a summary judgment motion:

Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Tenn. R. Civ. P. 56.04; *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

Rule 56.03 sets out an orderly process for organizing and dealing with the evidence presented in connection with a summary judgment motion, "[i]n order to assist the Court in ascertaining whether there are any material facts in dispute . . . ." That process includes submission by the moving party of "a concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." It allows the opposing party to file a response as to each fact asserted by the moving party and to submit his own statement of additional facts that he or she asserts are material.

In this case, the parties did not comply with the requirements of Rule 56. No statements of undisputed material facts were submitted, and Mr. Boaz did not have a reasonable opportunity prior to the hearing on the Rule 12.02(6) motion to pursue discovery in order to obtain materials made pertinent by a summary judgment motion, such as interrogatories and depositions. *See International Merchant Services, Inc. v. ATM Central, LLC*, No. W2003-00849-COA-R3-CV, 2004 WL 170392 (Tenn. Ct. App. 2004) (no Tenn. R. App. P. 11 application filed) (dismissal of complaint pursuant to Rule 12.02(6) reversed because trial court considered extraneous evidence, but did not treat the motion in accordance with the procedures for summary judgment).

Tenn R. Civ. P. 56.04 requires the trial court to "state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." The order of dismissal in this case states no legal grounds other than "Plaintiff's Complaints fail to state a claim upon which relief can be granted."

Perhaps more important than these procedural deficiencies is the fact that our review of the filings in this case shows that there are disputes of material fact and, consequently a grant of summary judgment is precluded.

## III.

The order of the trial court is reversed.  We remand this case to the Circuit Court of Davidson County for any further proceedings necessary.  Tax the costs to the appellees, Rozanne Jackson d/b/a Irongate/ d/b/a Irongate, LLC, d/b/a Rozanne Jackson Interiors, Inc., and Rozanne Jackson Interiors, Inc.


_____

PATRICIA J. COTTRELL, P.J., M.S.